ERIC GRANT
United States Attorney
JOSEPH D. BARTON
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>LETICIA MARISCAL,<br><br>                    Defendant. | CASE NO. 1:25-MJ-00142-EPG<br><br>PLEA AGREEMENT |

## I.    INTRODUCTION

### A.    Scope of Agreement.

The Complaint in this case charges the defendant, Leticia Mariscal, with theft of government property and aggravated identity theft in violation of 18 U.S.C. §§ 641 and 1028A(a)(1). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California (hereinafter, the "government") and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.    Court Not a Party.

The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances

1

concerning the criminal activities of the defendant. This includes activities that may not have been charged in the Complaint.

## II.   DEFENDANT'S OBLIGATIONS

### A.   Guilty Plea.

The defendant will plead guilty to a single-count Information charging her with aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The defendant agrees that she is in fact guilty of this crime and that the facts set forth in the Factual Basis for Plea attached as Exhibit A are accurate.

The defendant agrees that this Plea Agreement will be filed with the Court and become a part of the record in this case.

The defendant agrees that the statements made by her in signing this Plea Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the government in any subsequent criminal or civil proceedings even if the defendant fails to enter a guilty plea pursuant to this Plea Agreement. The defendant waives any rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 to the extent that these rules are inconsistent with this paragraph or with this Plea Agreement generally.

The defendant agrees that, under the United States Constitution, she is entitled to be indicted by a grand jury on the charge to which she is pleading guilty. Pursuant to Fed. R. Crim. P. 7(b), she also agrees to waive all rights she has to being prosecuted by Indictment. She will sign a waiver of prosecution by Indictment and consent to proceed by Information.

### B.   Recommendations

The defendant understands that the Court is required to impose a sentence of two years of incarceration for conviction of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The defendant also understands that the Court may impose a fine of up to $250,000 and a term of supervised release of up to one year. The defendant will recommend that she be sentenced to two years of incarceration to be followed by one year of supervised release.

### C.   Fine.

The parties agree that no fine is appropriate.

2

**D.   Special Assessment.**

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order, payable to the United States District Court, to the United States Probation Office before the sentencing hearing.  The defendant also agrees that this Plea Agreement is voidable at the option of the government if she fails to pay the assessment prior to that hearing.

**E.   Forfeiture**

The parties agree that no forfeiture is appropriate.

**F.   Violation of Plea Agreement and Withdrawal of Plea.**

If the defendant violates this Plea Agreement in any way, withdraws her plea, or tries to withdraw her plea, this Plea Agreement is voidable at the option of the government.  If the government voids the Plea Agreement based on the defendant's violation, the government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  A defendant violates a plea agreement by committing any crime or providing or procuring any statement or testimony that is knowingly false, misleading, or materially incomplete in any litigation or sentencing process in this case, or by engaging in any post-plea misconduct constituting obstruction of justice.  The government will have the right to prosecute the defendant on the count to which she pleaded guilty and file any new charges that would otherwise be barred by this Plea Agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge.  The decision to pursue any or all of these options is solely in the discretion of the government.

By signing this Plea Agreement, the defendant agrees to waive any objections, motions, and defenses that she may have to the government's decision.  Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this Plea Agreement may be commenced in accordance with this paragraph notwithstanding the expiration of the statute of limitations between the signing of this Plea Agreement and the commencement of any such prosecutions.  The defendant also agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or the Speedy Trial Act or Speedy Trial Clause of the Sixth Amendment.  The determination whether the defendant violated the Plea Agreement will be by a

3

probable cause standard.

In addition, all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, in this case, whether before or after this Plea Agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant. The defendant shall assert no claim under the United States Constitution, any statute, Fed. R. Crim. P. 11(f), Fed. Rule Evid. 410, or any other federal rule that statements made by her before or after this Plea Agreement, or any leads derived therefrom, should be suppressed. By signing this Plea Agreement, the defendant waives any and all rights in the foregoing respects.

## III.    GOVERNMENT'S OBLIGATIONS

### A.    Other Charges.

The government agrees to dismiss the remaining charges against the defendant that are in the Complaint and not to bring any other charges arising from the misconduct outlined in the Factual Basis for Plea, except if this Plea Agreement is voided or as provided in paragraphs II.F (Violation of Plea Agreement and Withdrawal of Plea) and VII.B (Waiver of Appeal and Collateral Attack).

### B.    Recommendations.

The government will recommend that the defendant be sentenced to two years of incarceration to be followed by one year of supervised release.

### C.    Use of Information for Sentencing.

The government is free to provide full and accurate information to the Court and the United States Probation Office, including answering any inquiries and rebutting any inaccurate statements that are made. The defendant agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV.    ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove, beyond a reasonable doubt, the following elements to convict the defendant of theft of government property in violation of 18 U.S.C. § 641:

1. The defendant knowingly stole, embezzled, or converted money to her own use with the intention of depriving the owner of the use or benefit of the money;

2. The money belonged to the United States; and

3. The value of the money exceeded $1,000.

The government would then have to prove, beyond a reasonable doubt, the following elements to convict the defendant of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1):

1. The defendant knowingly used, without authority, a means of identification for another person.  The term "means of identification" includes any name or number that may be used, alone or in conjunction with any other information, to identify a specific person;

2. The defendant knew that the means of identification belonged to a real person; and

3. The defendant did so during and in relation to a specified crime, which in this case is theft of government property in violation of 18 U.S.C. § 641.

The defendant understands the nature and elements of the crime charged in the Information to which she is pleading guilty, together with the possible defenses thereto, and has discussed them with her attorney.

## V.   MAXIMUM SENTENCE

### A.   Maximum Penalty.

The defendant understands that the Court is required to impose a sentence of two years of incarceration for conviction of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1).  The defendant also understands that the Court may impose a fine of up to $250,000, a term of supervised release of up to three years, and a special assessment of $100.

### B.   Supervised Release Violations.

The defendant agrees that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require her to serve up to one additional year of imprisonment.

## VI.   SENTENCING DETERMINATION

Generally speaking, the Court must consult the USSG and determine a non-binding and advisory sentencing range for a defendant and consider these factors when determining a final sentence.  The Court must also consider whether there is a basis for departure from the sentencing range, either above or below the sentencing range, because there exists an aggravating or mitigating circumstance of a kind,

5

or to a degree, not adequately taken into consideration in formulating the USSG. Finally, the Court, after consultation and consideration of the USSG, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

Nonetheless, the defendant understands the Court is required to impose a sentence of two years of incarceration for conviction of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The defendant also understands that the Court may impose a fine of up to $250,000, a term of supervised release of up to three years, and a special assessment of $100.

**VII.   <u>WAIVERS</u>**

**A.   <u>Waiver of Constitutional Rights.</u>**

The defendant agrees that by pleading guilty she is waiving the following constitutional rights: (1) to plead not guilty and to persist in that plea if already made, (2) to be tried by a jury, (3) to be assisted at trial by an attorney, who would be appointed if necessary, (4) to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, constitutional challenges to the statutes of conviction, and other pretrial motions that have been filed or could be filed, (5) to subpoena witnesses to testify on her behalf, (6) to confront and cross-examine witnesses against her, and (7) not to be compelled to incriminate herself.

**B.   <u>Waiver of Appeal and Collateral Attack.</u>**

The defendant agrees that the law gives her a right to appeal her guilty plea, conviction, and sentence. The defendant also agrees as part of her plea, however, to give up the right to appeal the guilty plea, conviction, and sentence imposed in this case as long as the sentence does not exceed the statutory maximum for the offense to which she is pleading guilty. Finally, the defendant agrees that this waiver includes, but is not limited to, any and all constitutional or legal challenges to her conviction and guilty plea, including arguments that the statute to which she is pleading guilty is unconstitutional, and any and all claims that the statement of facts attached to this Plea Agreement is insufficient to support her plea.

Notwithstanding the defendant's waiver of appeal, the defendant would retain the right to appeal if the sentence imposed by the Court exceeds the statutory maximum or the government appeals the sentence in the case. The defendant agrees that these circumstances occur infrequently and that in

almost all cases this Plea Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, she also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. §§ 2255 or 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the government's agreements in paragraph III.A above, if the defendant ever attempts to vacate her plea, dismiss the underlying charge, or modify or set aside her sentence on the count to which she is pleading guilty, the government shall have the rights set forth in Section II.F.

### C.    Waiver of Attorneys' Fees and Costs.

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

### D.    Impact of Plea on Defendant's Immigration Status.

The defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. The defendant and her counsel have discussed the fact that the offense to which the defendant is pleading guilty is an aggravated felony, or a crime that is likely to be determined to be an aggravated felony, under 8 U.S.C. § 1101(a)(43), and that while there may be arguments the defendant can raise in immigration proceedings to avoid or delay removal, it is virtually certain that the defendant will be removed. Removal and other immigration consequences are the subject of a separate proceeding, and the defendant understands that no one, including her attorney or the Court, can predict to a certainty the effect of her conviction on her immigration status. The defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is her automatic removal from the United States.

///

///

///

## VIII.    ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to in writing and signed by the defendant, counsel for the defendant, and counsel for the government.

## IX.    APPROVALS AND SIGNATURES

### A.    Defense Counsel:

I have read this Plea Agreement and have discussed it fully with my client.  The Plea Agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this Plea Agreement.

Dated:

_____
LAURA MYERS
Attorney for Leticia Mariscal

### B.    Defendant:

I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it.  I have consulted with my attorney and fully understand my rights with respect to the provisions of the USSG that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this Plea Agreement.  No one has threatened or forced me to enter into this Plea Agreement, and I am satisfied with the representation of my attorney in this case.

Dated:

_____
LETICIA MARISCAL
Defendant

### C.    Attorney for United States:

I accept and agree to this Plea Agreement on behalf of the government.

Dated:

ERIC GRANT
United States Attorney

_____
JOSEPH BARTON
Assistant United States Attorney

9

**EXHIBIT A**

**FACTUAL BASIS FOR PLEA**

The defendant, Leticia Mariscal, was employed at the Madera County Department of Social Services, which administers the CalFresh program in Madera County, State and Eastern District of California. CalFresh is a financial assistance program that provides qualifying California residents with monetary benefits they can use to buy food. The actual benefits are funded by the federal government while the administrative costs for running the program are shared between federal, state, and local governments. The benefits are deposited onto Electronic Benefit Transfer ("EBT") cards, which are debit cards, and then given to the recipients to use.

From July 2022 through June 2025, Ms. Mariscal improperly used county databases to which she had access through her job to obtain identifying information for various individuals, including those who were not United States citizens, were elderly, or were deceased. For the individuals who were not United States Citizens, at times, Ms. Mariscal contacted them and falsely informed them that they had to provide certain immigration records and take certain actions in that regard to continue receiving their CalFresh benefits. She took these steps so these individuals would stop using their benefits and would not ask any questions.

Ms. Mariscal then secretly approved the individuals who were not United States citizens, were elderly, or were deceased to receive, or continue receiving, CalFresh benefits, printed EBT cards in their names with the benefits deposited thereon, set the personal identification numbers ("PIN") needed to use the cards, and spent the funds to which she was not entitled on herself and her family members. In doing so, she acted knowingly and with the intention of depriving the federal government of the use and benefit of the funds. Altogether, she used the identities of over 15 people to steal benefits totaling more than $40,000.

For example, Ms. Mariscal approved victims K.W. and F.G. to receive benefits and printed their EBT cards on August 2, 2023, and February 6, 2024, respectively. She then changed the PINs for their EBT cards on August 2, 2023, and February 7, 2024, respectively, and proceeded to make transactions on their cards all while she was in Madera and Fresno Counties, State and Eastern District of California. Importantly, Ms. Mariscal knew that victims K.W. and F.G. were real people who had become deceased

A-1

and that her actions were illegal.

Accordingly, Ms. Mariscal admits that she knowingly transferred, possessed, and used, without lawful authority, a means of identification belonging to another person during and in relation to theft of government property in violation of 18 U.S.C. § 641.  This was all in violation of 18 U.S.C. § 1028A(a)(1).