**WANGER JONES HELSLEY PC**
265 E. River Park Circle, Suite 310
Fresno, California 93720
Telephone: (559) 233-4800
Facsimile: (559) 233-9330

Peter M. Jones, Esq. SBN# 105811

Attorneys for:    **Defendant, Leticia Mariscal**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:26CR00004-1-JLT SKO |
| **Plaintiff,** | **DEFENDANT'S SENTENCING MEMORANDUM** |
| LETICIA MARISCAL, | **Date: April 13, 2026**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. Jennifer L. Thurston** |
| **Defendant.** | |

**TO THE HONORABLE JENNIFER L. THURSTON, FEDERAL DISTRICT COURT JUDGE, EASTERN DISTRICT OF CALIFORNIA:**

Defendant, Leticia Mariscal, by and through her counsel, Peter M. Jones, hereby submits her Memorandum in Regard to Sentencing.

Defendant reserves the opportunity to make additional comments through counsel at the time of the sentencing hearing.

On January 20, 2026, Ms. Mariscal entered a plea of guilty to one count of 18 U.S.C. § 1028A(a)(1), Aggravated Identity Theft, as set forth in the Information.

Ms. Mariscal has no objections, corrections or additions to the Presentence Investigation Report.

She has expressed extreme remorse and shame for her involvement in the offense as she related in her probation interview (PSR, page 5, ¶ 16).

(12657-002)

1

DEFENDANT'S SENTENCING MEMORANDUM

4876-9428-4981, v. 1

She respectfully asks the Court to follow the recommendation of the Government and Probation, and impose 24 months of incarceration followed by 12 months of supervised release.

Ms. Mariscal would also request that she be recommended to serve her sentence at the Federal Correctional Institute Facility for women  in Victorville, California.

Dated: April 6, 2026                                 Respectfully Submitted,


By: /s/ *Peter M. Jones*_____
        Peter M. Jones, Attorney for
        Defendant, Leticia Mariscal

(12657-002)

2

DEFENDANT'S SENTENCING MEMORANDUM

4876-9428-4981, v. 1

Use of a Communication Facility to Facilitate a Drug Trafficking Offense. The Presentence Report (PSR) recommends consecutive sentences of 48 months for each count pursuant to U.S.S.G. § 2D1.6(a) and U.S.S.G. § 5G1.2(b). These guidelines, however, are only advisory. Pursuant to his plea agreement (Page 2, line 28), "the defendant and his counsel may recommend whatever sentence they deem appropriate."

Mr. Checchin was arrested on August 31, 2021 for possession for sale of methamphetamine and cocaine, and possession of a firearm (bail was posted). On December 9, 2021 he was arrested for possession for sale of methamphetamine and released. On February 2, 2022 he was arrested for possession for sale of methamphetamine, and remained in custody. He subsequently pled guilty in state court to two counts stemming from his August 31, 2021 arrest and the December 9, 2021 and February 2, 2022 charges were dismissed. Mr. Checchin was sentenced to eight years in prison and reasonably believed he was wrapping up all of his cases. The offense originally presented in the current indictment occurred between his August 31 and December 9, 2021 arrests, but was not pursued in state court. Why it was not pursued is unknown, but Mr. Checchin had served over a year of his state sentence when he was brought to federal court in May of 2023. The federal offense involved an entirely controlled sale of bogus drugs.

An important circumstance in the case before the court is that both counts of the information involve call arranging the exact same controlled drug transaction.

Under the criteria set forth in U.S.S.G. 3D1.1 – 3D1.5 the two counts Mr. Checchin pled guilty to would normally be "groupable," and his maximum sentence would be 48 months. By applying the "total punishment" guideline, probation is advocating consecutive sentences.

Mr. Checchin is mindful of the record he has compiled since his honorable discharge from the Navy in 1986. He attributes his problems to a long-standing drug addiction for which he blame no one but himself. On the other hand, he did reasonably believe all his cases arising between August of 2021 and February of 2022 had been resolved, when he learned (18 months after the fact) that a belated federal indictment had been filed against him.

In light of the totality of the circumstances set forth above, the fact that the calls for which he pled guilty to pertained, to the same attempted drug transaction (they were not even separate transactions in a common plan or scheme), he would ask the court to vary downward to the sentence he would receive if the charges were "grouped" or run concurrently:        48 /// months. It also should be noted that he is now 61 years old and is still serving his state sentence.

Mr. Checchin, in light of his admitted, long-standing issues with substance abuse, would request a recommendation that he enroll in and complete the 500 hour substance abuse program, RDAP, while he is serving his sentence. He would also request that he be recommended to serve his time at Terminal Island or Lompoc when he is transferred from state to federal prison.